IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 13-cr-00468-PAB

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. SCOTT LOWE,

 Defendant.

## ORDER

  This matter comes before the Court on defendant Scott Lowe's Motion for Return of Property [Docket No. 49], wherein defendant Lowe requests that the Court order the United States to return eleven categories of property seized on June 13, 2013.  The United States has filed a response opposing the motion.  Docket No. 52.

  The United States indicates that it has already returned a Samsung flip telephone, a Samsung camera, and two iPhones (items 8, 9, and 10 of defendant's motion).  Docket No. 52 at 1-2.  Defendant does not dispute that these items have been returned to him.  The United States claims that it administratively forfeited items 1 to 5 and item 11 as identified in defendant's motion.  *Id*. at 2.  The government has attached a Declaration of Administrative Forfeiture indicating that the government published an Intent to Forfeit these items on September 6, 2013 and October 5, 2013.  Docket 52-5.  The defendant presents no evidence disputing these contentions.  Finally, the United States agrees to return to defendant items 6 and 7.  Docket No. 52 at 2.

The items that appear to be disputed are the items that the United States claims to have administratively forfeited, which include computer equipment and $26,795 in currency. The United States indicates that the computer equipment has since been destroyed. *Id.*; see also Docket No. 52-6.

The defendant makes his request for return of property pursuant to Fed. R. Crim. P. 41(g). However, given that the defendant makes no showing that he filed an administrative claim to contest the forfeiture of items 1 to 5 and item 11, the Court lacks jurisdiction to consider the defendant's motion for their return. *See United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011) (citing *United States v. Deninno*, 103 F.3d 82, 84 (10th Cir. 1996)). Moreover, defendant does not claim that there was a due process defect in the administrative forfeiture proceedings. *Deninno*, 103 F.3d at 84.

Defendant, having failed to raise a factual issue and having failed to demonstrate that he contested the administrative forfeiture of the disputed items on due process grounds, has not presented any grounds for relief under Rule 41(g). Wherefore, it is

**ORDERED** that the Motion for Return of Property [Docket No. 49] is denied.

DATED December 31, 2014.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge